# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-22-00355-CV
_____

## IN RE SARA JANE BATTEAU

**Original Proceeding**
**County Court at Law No. 3 of Montgomery County, Texas**
**Trial Cause No. 21-02-02642-CV**

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Sara Jane Batteau asks this Court to compel the judge assigned to preside in a divorce and custody case in which she is a party to allow her to appear for a hearing remotely and to transfer the case to the State of Illinois.

On September 2, 2022, the trial court denied Batteau's challenge to the jurisdiction of the Texas court. The trial court found that when the case commenced on February 21, 2021, the children had been domiciled in Texas for at least 6 months and Batteau had been a resident of Texas for 6 months and a resident of Montgomery County for at least 90 days. The trial court found it had jurisdiction over the parties

1

and the subject matter of the suit. *See* Tex. Fam. Code Ann. § 152.201 (initial child custody jurisdiction). The mandamus record does not establish that a court in Illinois made a child custody determination before the real party in interest, Shawn Joseph Mullin, filed for divorce and custody in Texas. The mandamus record also fails to show that the judge is disqualified from presiding in Trial Cause Number 21-02-02642-CV, as Batteau argues in her mandamus petition. *See* Tex. R. Civ. P. 18b(a) (grounds for disqualification). Furthermore, the mandamus record does not show that the trial court abused its discretion by not granting Batteau's requests to allow her temporary non-compliance with the trial court's order to turn over the children and to appear remotely for evidentiary hearings.

The relator has the burden of providing this Court with a sufficient record to establish her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). After considering the petition for a writ of mandamus, the appendix, and the supplemental mandamus record, and based upon the mandamus record, we conclude that the relator has not shown that she is entitled to the relief sought in her petition. Accordingly, the petition for a writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on December 7, 2022
Opinion Delivered December 8, 2022

Before Golemon, C.J., Kreger and Horton, JJ.